## VALIDITY OF ORDINANCE PROHIBITING BEGGING.

Common Pleas Court of Franklin County..

H. D. LeFever v. City of Columbus.

Decided, June 27, 1921.

*Constitutional Law—Ordinance Prohibiting Begging—Within the Police Power of the State—Police Power Defined.*

1. An ordinance of a city which forbids begging by words, the exhibition of a sign, by gesture or by singing is not in conflict with Section 1, Article 1, of the Bill of Rights of the Constitution.
2. Such an ordinance is valid and is a proper exercise of the police power of a municipality under Section 3, Article 18 of the Constitution.
3. The police power of a state includes within its scope and meaning all those regulations which tend to help for the betterment of society, the preservation of property and the happiness, health, comfort, safety and welfare of mankind.

*Horace S. Kerr,* for plaintiff in error.

*Charles A. Leach* and *Charles S. Best,* for the defendant in error.

Sowers, J.

The plaintiff in error was found guilty in the municipal court of begging and prosecutes error to this court.

The ordinance, No. 854, under which he was convicted provides as follows:

"That any person, who within the corporate limits of the city of Columbus, wanders about and begs in the streets, or from house to house, or sits, stands, or takes a position in any public place and begs from passers-by, either by words, the exhibition of a sign, by gesture or by singing, or by playing a musical instrument, or by exhibiting such articles as shoe strings, lead pencils or cheap merchandise of any description in such public place, shall be deemed guilty of a misdemeanor and upon a conviction thereof shall be fined in any sum not to exceed $50 and the costs of prosecution."

It is contended by counsel for the plaintiff in error that this ordinance is unconstitutional and in conflict with Article 1, Section 1 of the Bill of Rights of the Ohio Constitution, which provides that "all men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and seeking and obtaining happiness and safety." In 1912 our Constitution was amended and at that time there was adopted Section 3 of Article 18, which provides as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

If the above ordinance is constitutional it comes within the scope and favor of this provision of the Constitution and the police power of the state. Since the adoption of this amendment to the Constitution the Supreme Court in the case of *Welch* v. *City of Cleveland*, 97 Ohio St., page 311, have held that a similar ordinance punishing vagrancy, street begging and any suspicious person who can not give a reasonable account of himself, is valid and not in conflict with the Constitution.

Counsel for plaintiff in error concedes that under the police powers of a state, a municipality may make it a misdemeanor, first, for one to beg in the streets or from house to house, and, second, to beg in any public place from passers-by, but does not concede that the mere exhibition of a sign or a gesture or singing or playing a musical instrument constitutes begging. Counsel directs his argument against the ordinance very largely because in this particular instance the plaintiff is a blind person. His argument is forcible, eloquent, and makes a strong appeal to one's sentiments and sympathies and it is obvious that if such an ordinance included the blind only, its unconstitutionality would not be questioned. Anyone with human emotions has a deep interest in the welfare and the assistance of all those who are so seriously afflicted, but this ordinance is of a

general character and includes within its scope all persons and prohibits them from begging as described therein.

As an expression of human kindness, society may be reluctant to exclude the worthy blind from begging when in distress or in need, but society must consider its functions and recognize its obligations in establishing regulations of this character. It has well established agencies of a benevolent character to protect and to help its poor, its needy, its diseased and those in distress, regardless of their affliction or the causes which brought about their condition. If it is legal for a blind person to beg, it is legal for any person to beg, and if all are permitted to beg social conditions sink to the level of the tribe, our institutions disintegrate, and the government fails in those purposes for which it is organized.

It is not always simple to define the police power of a state or of a government. The courts are reluctant to give an exact definition of the meaning of the police power of a state or its limitations. It begins in the security and happiness of the home, the right to the possession of property, and its extent has not yet been defined. Out of the civil law came the maxim, *Salus populi est suprema lex.* The application of this law has developed the history of that authority which we now call "police power." Another short and terse definition is "The law of overwhelming necessity." The court in seeking a description rather than a definition of police power, has found that it is incapable of exact definition and of a precise limitation. It is the power to which are referred all governmental acts which are incapable of arrangement under any other distinct head and which are justified as internal regulations, having in view facility of intercourse between citizen and citizen, the preservation of good order, good manners and morals and the health of the public. It includes the destruction of unwholesome food, prohibition of wooden buildings in cities, regulation of railways, burial grounds, objectionable trades to certain localities, compulsory vaccination of children, confinement of the insane, restraint of beggars, suppression of obscene literature, prohibition of gambling houses, quarantine regulations,

sanitary conditions, contagious diseases, popular education, to alleviate and prevent pauperism, regulating the occupation of transient and itinerant merchants and all those regulations which tend to help for the betterment of society, the preservation of property and the happiness, health, comfort, safety and welfare of mankind.

In its application and extension there must be justification and before a state is warranted in interfering in behalf of the public it must appear,

First, that the interest of the public generally, as distinguished from those of a particular case, requires such improvement; and,

Second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive on individuals.

When it is considered that this ordinance prohibits all from begging, it is manifest that it has been determined for the general interest of society, for its comfort, its safety and its welfare, that people should not be permitted to beg.

Counsel for the plaintiff in error makes his strong appeal against the constitutionality of this ordinance upon the ground that it is not begging for a blind person to solicit funds by sign or otherwise. It is a matter of common knowledge that the blind, the deaf and the peoples of various nationalities, find means of expressing themselves not only by spoken words but by signs, gestures and in other ways. It is obvious that one may communicate by a sign or make known his wants or wishes or desires by a significant motion. Beg means to ask, and the asking may be communicated in various ways known to human expression, and the one so asking relies upon that response or act to be answered in a particular and specified way.

In the case of *In re Haller*, 3 Abb. N. Cases, p. 65, the court uses the following language, which is directly in point:

"The act of begging alms or soliciting charity is the offense condemned by the law, in whatever form that act may be committed, and in many instances words are far less effective to accomplish the end than simple acts. The deaf and dumb man, real or pretended, who stands with a placard on the breast and

with extended hat or hand, is a solicitor of charity as completely as though he spoke to the passers-by. And so is every one whose diseased or crippled condition appeals to sympathy, if he places himself in a position to attract attention, or passes along the street, calling attention by sign, act or look to his unhappy condition, and receives from those who observe him the charity which he is obviously seeking. Indeed, the class of silent beggars who exhibit deformities, wounds or injuries, which tell plainer than words their needy and helpless condition are the most successful of solicitors for charity. * * *. The intention of the law is not to punish such persons but to protect and provide for their necessities with tender care, and it would be a greater mistake to hold that the statute does not include such as by reason of their appaling misfortune, need do nothing but silently attract attention to themselves to receive gifts of charity, unasked for in words, but really solicited by far more touching appeals.''

During the course of the court's study and investigation of this case letters have been sent to about twenty of the largest cities of the United States located in all parts thereof, asking information relative to laws of this character. The answers have been in every instance, except one, that those municipalities have either similar ordinances or have state statutes which prohibit begging. The validity of these laws have either not been attacked or where attacked they have been upheld by the courts. The only exception was decided apparently upon the technicality of the powers of a certain commission to make such regulations. It, therefore, appears to be the public policy of the municipalities and the states of the United States to declare themselves against begging and the upholding of such laws as embodied in this ordinance.

Under the authorities and the principles stated in this opinion, the court has reached the conclusion that this ordinance is constitutional and not in conflict with Article 1, Section 1 of the Bill of Rights, and the solicitation of charity by begging as defined in this ordinance is legally prohibited. The judgment of the lower court is affirmed.